﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190228-2834
DATE: July 31, 2020

ORDER

Readjudication of the claim for service connection for prostate cancer as secondary to exposure to contaminated water at Camp Lejeune is warranted.

Service connection for prostate cancer as secondary to exposure to contaminated water at Camp Lejeune is granted.

REMANDED

Service connection for erectile dysfunction as secondary to the service-connected prostate cancer is remanded.

FINDINGS OF FACT

1. New evidence was received after the April 2014 denial that is relevant to the issue of entitlement to service connection for prostate cancer.

2. The Veteran was stationed at Camp Lejeune from October 1957 to December 1957 and is therefore presumed to have been exposed to contaminated water.

3. Resolving reasonable doubt in the Veteran’s favor, the weight of the probative evidence of record finds that his prostate cancer is related to his military service, to include as secondary to exposure to contaminated water at Camp Lejeune.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for prostate cancer are met. 38 C.F.R. § 3.156(d). 

2. The criteria for service connection for prostate cancer are met. 38 U.S.C. §§ 1112, 1113, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from June 1957 to December 1957, including service at Camp Lejeune.

In July 2018, the Veteran chose to participate in the Rapid Appeals Modernization Program (RAMP) by submitting a RAMP opt-in election form, on which he chose the Higher-Level Review option. RAMP is VA’s test program for the current Appeals Modernization Act (AMA). This decision has been written consistent with the new AMA framework.

In December 2018, the agency of original jurisdiction (AOJ) issued a Higher-Level Review rating decision. In February 2019, the Veteran timely appealed that determination to the Board of Veterans’ Appeals (Board) by requesting the AMA Hearing Lane, indicating that he wished to have a Board hearing and the opportunity to submit additional evidence in support of his appeal. By selecting the hearing option, he was permitted to provide additional evidence within 90 days of the date of the hearing. In July 2019, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge (VLJ). A transcript of that hearing is of record. The Board notes that the Veteran provided additional evidence after the hearing was held, including evidence that is not eligible for review. 

The new and material evidence issue regarding prostate cancer has been recharacterized to reflect the applicable evidentiary standard. 38 C.F.R. §§ 3.2501(a)(1), 19.2. 

New and Relevant Evidence – Prostate Cancer

The Veteran contends that he submitted evidence with his legacy system application to reopen a claim for service connection for prostate cancer that is new and relevant and warrants readjudication of the issue. VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. § 3.156(d). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. § 3.2501(a)(1). 

The Board finds that the Veteran submitted new evidence after the prior final rating decision in the legacy system that is relevant to his claim. Specifically, he submitted a private medical nexus opinion in March 2016, after the April 2014 prior final legacy rating decision. This opinion was not already of record and may prove or disprove the nexus element of the claim for service connection for prostate cancer. Readjudication of the claim is therefore warranted. 

Service Connection Prostate Cancer 

The Veteran asserts that contaminated water at Camp Lejeune caused his prostate cancer. The record indicates that the Veteran was stationed at Camp Lejeune for approximately two months of his service, from October 1957 to December 1957, and was presumably exposed to the contaminated water for those two months. 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303(a). Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). In addition, certain diseases may be presumed to have been incurred or aggravated during service. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309.

Effective March 14, 2017, VA amended 38 C.F.R. §§ 3.307 and 3.309 providing a presumption of service connection for certain diseases based on exposure to contaminants present in the water supply at Camp Lejeune. The amendment defines “contaminants in the water supply” as the volatile organic compounds trichloroethylene (TCE), perchloroethylene (PCE), benzene and vinyl chloride that were in the on-base water-supply systems located at United States Marine Corps Base Camp Lejeune, during the period beginning on August 1, 1953, and ending on December 31, 1987. 

To qualify for presumptive service connection under these provisions, there must be evidence of: (1) a diagnosis of one of the enumerated diseases under the new provision 38 C.F.R. § 3.309(f), (i.e., kidney cancer, liver cancer, non-Hodgkin’s lymphoma, adult leukemia, multiple myeloma, Parkinson’s disease, aplastic anemia and other myelodysplastic syndromes, and bladder cancer), if manifest to a degree of 10 percent or more at any time after service; and (2) service of at least 30 days (consecutive or nonconsecutive) at Camp Lejeune during the period beginning on August 1, 1953, and ending on December 31, 1987. The rulemaking applies to claims received by or pending before VA on or after March 14, 2017. See 82 Fed. Reg. 4173-4185 (January 13, 2017). 

As a preliminary matter, while the evidence reflects that the Veteran was exposed to contaminated drinking water while stationed at Camp Lejeune, his prostate cancer is not among the listed diseases warranting presumptive service connection, per VA regulations. 38 C.F.R. § 3.309(f). Nonetheless, the Veteran may still establish service connection for his prostate cancer with proof of direct causation. Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

In this regard, the Veteran has a current diagnosis of prostate cancer, as reflected in private treatment records from M. Hospital. As previously stated, VA conceded that he was exposed to contaminated water while stationed at Camp Lejeune for approximately two months. Therefore, the Veteran’s claim turns on whether his exposure to the contaminated water at Camp Lejeune resulted in his currently diagnosed prostate cancer. On this question, there is probative evidence in favor of, and against, the claim.

The evidence against the claim includes April 2014 and April 2017 opinions from VA medical specialists, who opined that the Veteran’s prostate cancer was less likely than not due to or caused by his exposure to contaminated water at Camp Lejeune. The April 2014 specialist stated that the Center for Disease Control shows increasing age to be the leading risk factor for prostate cancer, with the 20-year prevalence of prostate cancer in men at age 50 to be 8.1 percent and at age 60 to be 13.6 percent. She further stated that review of the current medical literature and other studies on water contaminants at Camp Lejeune shows that the risk factor of age outweighs the limited suggestive evidence for an association between exposure to water contaminants at Camp Lejeune and the development of prostate cancer. 

The April 2017 VA medical specialist stated that it does not appear that contaminants in the water at Camp Lejeune was a significant risk factor for the Veteran’s prostate cancer. He noted that prostate cancer is the most common malignant neoplasm in men from North America, with the most important risk factor being increasing age. He indicated that the Veteran’s advanced age is a likely contributing factor for his prostate cancer. The medical specialist referred to other risk factors for prostate cancer, including obesity, family history, and smoking. He referred to various scientific studies and medical journals and concluded that the Veteran’s exposure to the water at Camp Lejeune was not long enough to provide conclusive evidence of a significant risk factor for prostate cancer.

The evidence in favor of the claim includes a March 2016 medical opinion letter from the Veteran’s private treatment physician, Dr. D.S., of W. Clinic, where the Veteran had received treatment for his prostate cancer. The private treatment physician stated that he reviewed all available medical records for the Veteran. He discussed the Veteran’s treatment history and treatment procedures. He opined that, based on his review of the Veteran’s medical records and copious research linking contaminated water at Camp Lejeune and prostate cancer, it is at least as likely as not that the Veteran’s prostate cancer was caused by, the result of, or at a minimum, aggravated by his military service. Dr. D.S. acknowledged age as a risk factor for prostate cancer but noted that current research clearly shows that the chemicals associated with contaminated water at Camp Lejeune are all known to be carcinogenic agents for numerous cancers, including cancer of the prostate. He further stated that, although prolonged exposure logically increases the risk of cancer, there are no safe levels of these chemicals—and that, therefore, any opinion that stipulates that it would take five or more years of exposure to account for the Veteran’s cancer is incongruent with several studies of contaminated water at Camp Lejeune. Dr. D.S. stated that the Veteran is not predisposed for any cancers, as there is no history of either prostate cancer or other cancers that run in either side of the Veteran’s family. He concluded that, lacking any other obvious etiology, he believes it is at least as likely as not that the Veteran’s prostate cancer is related to his service. 

Upon review of the record, in giving the Veteran the benefit of the doubt, the Board finds that his exposure to contaminated water while stationed at Camp Lejeune caused his prostate cancer. The Board affords the Veteran’s private treatment physician’s opinion significant probative weight because the physician has personally treated the Veteran and provided support and explanatory rationale for the favorable opinion by noting medical studies. See Guerrieri v. Brown, 4 Vet. App. 467, 470-71 (1993) (noting that the credibility and weight to be attached to medical opinions are within the province of the Board). Further, the Veteran indicated at the July 2019 Board hearing that he primarily received treatment for his prostate cancer from his private treatment physician. See Board hearing transcript at 4. 

The Board does not disregard the contrary opinions of the April 2014 and April 2017 VA medical specialists, who concluded that the Veteran’s prostate cancer was less likely than not caused by exposure to contaminants in the drinking water at Camp Lejeune. However, as these physicians do not have a treating relationship with the Veteran, the Board finds that these unfavorable opinions are not more probative than that of the private physician. 

There can be no doubt that further medical inquiry could be undertaken with a view towards development of the claim. However, under the benefit-of-the-doubt rule, where there exists “an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter,” the Veteran shall prevail upon the issue. Ashley v. Brown, 6 Vet. App. 52, 59 (1993). In this case, the Board finds that there is “an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter.” As such, this is a situation where the benefit-of-the-doubt doctrine applies. Accordingly, after resolving all doubt in the Veteran’s favor, the Board finds that service connection for prostate cancer is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

REMANDED ISSUE

Service Connection for Erectile Dysfunction 

A disability may be service-connected on a secondary basis if it is proximately due to or the result of a service-connected disease or injury; or, if it is aggravated beyond its natural progress by a service-connected disease or injury. 38 U.S.C. § 1131; 38 C.F.R. § 3.310(a), (b). Here, the Veteran contends that his erectile dysfunction is secondary to his now service-connected prostate cancer. While VA treatment records dated in November 2016 indicate that the Veteran has a diagnosis of erectile dysfunction, there is no conclusive evidence showing that his erectile dysfunction is related to his prostate cancer. 

The Veteran has not been afforded a VA examination for his erectile dysfunction. Thus, as he is now service-connected for prostate cancer, and as he maintains that his prostate cancer caused his erectile dysfunction, a remand is necessary for the AOJ to schedule him for an appropriate VA examination to determine the etiology of his erectile dysfunction. 

Accordingly, this matter is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination to determine the nature and etiology his erectile dysfunction. All studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner should review all pertinent records associated with the claims file. The examiner is asked to: 

Opine whether the Veteran has erectile dysfunction that is at least as likely as not (50 percent probability or greater) caused, or aggravated (made worse), by—or is proximately due to—his now service-connected prostate cancer.

A rationale must be provided for all opinions expressed.

2. Readjudicate the issue of entitlement to service connection for erectile dysfunction as secondary to the service-connected prostate cancer. 

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Trowers, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.